UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CONTRAVIOUS B. GRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-078 |
| | ) | |
| TERRANCE KILPATRICK, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Smith State Prison, in Tattnall County, Georgia, has submitted an "affidavit," captioned for filing in the Tattnall County Superior Court. Doc. 1. Despite the caption, he filed it in the United States District Court for the Middle District of Georgia, which reconstrued it as 42 U.S.C. § 1983 Complaint and transferred it to this Court. *See* doc. 6. So construed, he seeks to proceed *in forma pauperis* (IFP). Doc. 2. Taking his application at face value, he is not indigent. Even if he were, his pleading is frivolous on its face, and should be dismissed.

Consistent with his "affidavit," Grier submitted his application to proceed IFP on a state-court form. *See generally* doc. 2. That form

1

recites that the signatory "understand[s] that a false statement or answer to any question in this affidavit will subject [him] to penalties for perjury," and specifies those penalties under Georgia law. *Id.* at 2. Although he lists cash assets of only $10.00, he lists other assets he values at $100,000,000.00. *Id.* ("According to my security agreement, my collateral/assets, records and files are valued at $100,000,000.00."). Given Grier's warranting the factual accuracy of that valuation under penalty of perjury, the Court will accept it.[1]

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient

---

[1] While the Court is, to say the least, incredulous of Grier's asserted valuation, it takes his sworn statement at face value. As this Court has noted before, deliberate lies in sworn filings are not tolerated. *See Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a *privilege*, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed assets, Grier is simply not

indigent. Accordingly, Grier's application to proceed *in forma pauperis* should be **DENIED**.   Doc. 2.

The Court might permit Grier an opportunity to pay the filing fee or dismiss his case without prejudice, but his "claims" are frivolous. His pleading bears the hallmarks of the "sovereign citizen" theory that has been consistently rejected by federal courts as utterly frivolous.[2]  *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015).

---

[2]  Grier's use of the "©" after his name, and references to his status as "the Principal & Record Owner" point toward his adherence to some version of the "sovereign citizen" theory.  Doc. 1 at 1.  His reference to "natural sovereign inalienable rights/rites pretaining to identy [sic], Birth-Certificate, Social Security Card and all personal effects" confirms his adherence to that discredited theory.

4

Because Grier is not eligible to proceed IFP and due to the utter frivolity of his pleading, it should be **DISMISSED with prejudice** and the case should be closed.  This Order and R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 29th day of August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA